IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BEVERLY DOLLARD, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civil Action No. 23-1201-CFC |
| | : |
| APPLE GREEN PLC, | : |
| | : |
| Defendant. | : |

Beverly Dollard, Newark, Delaware.  Pro Se Plaintiff.

**MEMORANDUM OPINION**

May 13, 2024
Wilmington, Delaware

*Col. F. C.*

**CONNOLLY, Chief Judge:**

On October 23, 2023, Plaintiff Beverly Dollard filed her *pro se* Complaint in

this matter.  (D.I. 2)  She has been granted leave to proceed *in forma pauperis*.

(D.I. 4)  The Court proceeds to screen the Amended Complaint pursuant to 28

U.S.C. § 1915(e)(2)(B).

## I.   BACKGROUND

Plaintiff ostensibly attempts to bring a wrongful termination claim against

Defendant Apple Green PLC, and she asserts jurisdiction in this Court on the

purported basis that the United States or a federal official or agency is a defendant.

Plaintiff was employed at the Joe Biden Welcome Center, which is a highway rest

stop located directly off of I-95 in Newark, Delaware, and which is run by Apple

Green PLC.  It is unclear in what capacity Plaintiff worked at the Joe Biden

Welcome Center, besides describing her role as "supervisor."

Plaintiff alleges that she witnessed another employee, Raheem Sills, stealing

beverages from Starbucks.  Another employee also witnessed Sill stealing and

reported the same to Plaintiff, who in turn reported it to her manager.  Plaintiff's

manager told Plaintiff that he would "handle it," and that he had caught Sills doing

drugs on company property.

Sills then threatened Plaintiff and the other reporting employee if their

reports resulted in his termination.  Plaintiff and the other reporting employee

refused to come to work until Sills was terminated. They called three days to see if

he had been terminated, but they received no response from management. They

were then terminated for failing to come to work.

Plaintiff requests $100,000 in damages.

## II.   LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the

screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or

malicious, fails to state a claim upon which relief may be granted, or seeks

monetary relief from a defendant who is immune from such relief." *Ball v.*

*Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted); *see also* 28

U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual

allegations in a complaint as true and take them in the light most favorable to a *pro*

*se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).

Because Plaintiff proceeds *pro se*, her pleading is liberally construed and her

Complaint, "however inartfully pleaded, must be held to less stringent standards

than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94

(2007).

A complaint is not automatically frivolous because it fails to state a claim.

*See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). Rather, a claim is

2

deemed frivolous only where it relies on an "'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario.'" *Id.*

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) (per curiam). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P.

3

8(a)(2)).  Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.*

## III.   DISCUSSION

Apple Green PLC is a private company; it is not the United States or a federal official or agency.  The Court construes Plaintiff's Complaint as bringing a claim for wrongful termination under Title VII.  The claim fails, however, because she does not allege that her termination was based on her status as a member of a protected group.  The Court will, therefore, dismiss Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and deny as moot her request for appointed counsel.  Amendment is futile.

## IV.   CONCLUSION

For the above reasons, the Court will dismiss the Complaint.  Amendment is futile.

This Court will issue an Order consistent with this Memorandum Opinion.

4